The document below is hereby signed.

Signed: March 08, 2010.



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GALLERY TOWER, LLC, | ) | Case No. 09-01014 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION OF
<u>JEMAL/McCAFFERY RUDDEN, LLC FOR RELIEF FROM THE AUTOMATIC STAY</u>

Jemal/McCaffery Rudden, LLC filed a motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) to permit it to foreclose on the debtor's real property. Jemal/McCaffery's motion will be denied except that if the debtor fails by March 31, 2010, to pay the property's current real estate tax bill, relief from the automatic stay will be in effect. Jemal/McCaffery sought relief from the automatic stay based on 11 U.S.C. § 362(d) paragraphs (1), (2) and (3).

I

At the hearing on the motion, at the close of Jemal/McCaffery's evidentiary case, the court ruled in an oral decision that the request under § 362(d)(2) should be dismissed based on Jemal/McCaffery's failure to carry its burden of showing

that the property has no equity.

                                II

The request under § 362(d)(1) was based on the assertion that the interest of Jemal/McCaffery is inadequately protected based on:

> (i) the Debtor's failure and inability to make debt service payments to JMR, (ii) the Debtor's failure and inability to pay postpetition real estate taxes accruing against the Property, (iii) the Debtor's failure and inability to pay postpetition interest on prepetition real estate taxes, (iv) upon information and belief, Debtor's failure to insure the Property and to carry sufficient liability insurance with respect to the Property, (v) the Debtor's failure to safeguard the Property and halt its continuing physical deterioration, and (vi) the Debtor's failure to maintain the Property and to repair and make safe the Property, leading to the Property's continued decline in value.

The evidence fails to establish these asserted grounds are a basis for granting the motion at this time other than to require payment of the current real estate tax bill by March 31, 2010, as a condition to keeping the automatic stay in place.

The first five of these grounds needs little discussion. The failure to make debt payments to Jemal/McCaffery is not a basis for relief from the automatic stay. The debtor agreed that upon a failure to pay the current real estate tax bill by the due date of March 31, 2010, relief from the automatic stay would be appropriate. Jemal/McCaffery failed to present a prima facie case establishing that there is no equity in the property such as to create a danger of erosion from above by reason of failure to

2

pay interest on the superior prepetition real estate tax liens. The debtor presented satisfactory evidence of insurance.  The property is vacant and its best use would be to demolish the buildings, except for street facades, and erect new structures. Any minor ongoing physical deterioration of the property thus does not affect its value.

As to the sixth asserted ground, the parties presented expert witness testimony regarding whether the property is unsafe and in imminent danger collapsing.  The testimony of the experts, structural engineers, was in conflict.  The debtor's expert prepared the drawings for shoring up the property and inspected the property to assure that the shoring installed complied with his design for assuring that the property was properly shored.  I credit his testimony that by reason of that shoring there is no imminent danger that the property will collapse.

                                III

The request under § 362(d)(3), filed on January 19, 2010, was premature and will be denied, without prejudice, on that basis.  By an order signed on January 18, 2010, and entered on January 20, 2010, the court determined that "Debtor's estate constitutes 'single asset real estate' within the meaning of 11 U.S.C. § 101(51B)."  This made the debtor's real property subject to § 362(d)(3).  Pursuant to § 362(d)(3) this entitled Jemal/McCaffery to file a request for and obtain relief from the

3

automatic stay "unless, not later than the date that is . . . 30 days after the court determine[d] that the debtor [was] subject to [§ 362(d)(3)] . . . (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (B) the debtor has commenced [certain] monthly payments . . . ."

Under § 362(d)(3), the 30-day mark after the court determined that the debtor's real property was "single asset real estate" was either February 17 or February 19, 2010, depending on whether the date of signing or the date of entry of the order triggered the running of the 30-day period.  Jemal/McCaffery's request under § 362(d)(3) was filed on January 19, 2010, but could properly be filed no earlier than the day after the 30-day mark had been reached.  Accordingly, Jemal/McCaffery's § 362(d)(3) request was premature by either 30 or 32 days.  As of January 19, 2010, the date that the motion was filed, it could have been denied out of hand because the 30-day mark had not yet passed.

The request must be denied even though the hearing on the motion was held on February 24 and March 4, 2010, *after* the 30-day mark had been reached on either February 17 or February 19, 2010.  Requiring the debtor to be prepared as early as seven days after the 30-day mark was reached to prove it comes within the safe harbor of § 362(d)(3)(A) or (B) is inconsistent with the

4

statutory scheme.  The premature filing of the motion required the debtor to devote resources to address the premature request.  Given the paucity of decisions addressing the prematurity issue, the debtor could not afford to assume that the request would be dismissed as premature.  The request came at a time that the debtor was preparing its Chapter 11 plan and disclosure statement.  Attending to addressing the premature § 362(d)(3) request necessarily diverted the debtor's full attention to preparing and filing a plan and disclosure statement.  A creditor ought not be allowed to file a § 362(d)(3) motion prematurely and thereby to deprive the debtor of its breathing period to work towards coming within the safe harbor of § 362(d)(3)(A) or (B).  The motion is without merit at the time of its filing.  The expectation that once the 30-day mark of § 362(d)(3) has passed the debtor will not be able to come within either of the safe harbors of § 362(d)(3)(A) and (B) is insufficient to warrant permitting the filing of a premature motion that is meritless at the time of its filing and that diverts the debtor from undertaking steps to come within one of those safe harbors.  *See In re National/Northway Ltd. P'ship*, 279 B.R. 17, 22 (Bankr. D. Mass. 2002); *see also In re Hope Plantation Group, LLC*, 393 B.R. 98, 102 (Bankr. D.S.C. 2007).

    Because the motion was premature, the cleanest approach is to deny it without prejudice, with any hearing on a renewed

motion to take into account the evidentiary record established at the hearing of the premature motion.[1] This will delay Jemal/McCaffery's having a § 326(d)(3) request heard beyond the date that it would have been heard had it waited until the 30-day mark had passed before filing its motion, but Jemal/McCaffery has only itself to blame for filing a premature motion. Given the disruptions the premature motion caused, I think it fair to require Jemal/McCaffery to start anew.[2]

    An order follows.

                                              [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Daniel Litt, Esq.

---

[1] The evidence may turn out to be the same, but I have no way of knowing whether the debtor might attempt to present new evidence to buttress its evidence on the § 362(d)(3)(A) safe harbor issue.

[2] The debtor has not yet filed its disclosure statement, and the timing of filing a disclosure statement necessarily affects whether a plan can be confirmed "within a reasonable period of time" under § 362(d)(3)(A). But where a creditor's premature request under § 362(d)(3) has diverted the debtor's efforts, any delay caused by that request being filed prematurely ought not count against the debtor in the determination of whether a plan can be confirmed "within a reasonable period of time."